UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY STANTON,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant/Counter-Plaintiff,<br><br>  v.<br><br>TIMOTHY STANTON and KATHLEEN SEBELIUS, Secretary, Department of Health and Human Services,<br><br>    Counter-Defendants. | No. 11-cv-282-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Timothy Stanton's ("Stanton") Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 8), wherein Stanton asks this Court to remand this cause to the Third Judicial Circuit, Madison County, Illinois. Counter-Defendant Kathleen Sebelius, Secretary of the Department of Health and Human Services ("the Secretary"), and Defendant/Counter-Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") responded to Stanton's motion to remand (Docs. 10 & 15).

This case arises from a car accident that resulted in the death of Stanton's father, Ronald Stanton ("decedent"). Decedent was a passenger in a car driven by Wanda Stanton, decedent's wife, who was insured by State Farm. Prior to decedent's death, Medicare paid $50,154.36 in conditional payments for decedent's care (Doc. 10, Exh. B). Stanton settled the claim with State Farm for the policy limit of $100,000 (Doc. 10, Exh. A). State Farm refused to tender payment

without including Medicare as co-payee.

Stanton filed a complaint in the Circuit Court of Madison County, Illinois, asking that court to "declare the legal rights and interests of parties and determine that [Medicare] need not be included as payee on any settlement draft at issue," and "order [State Farm] to . . . re-issue drafts in the amount of $100,000.00 and $5,000.00 [for medical payments coverage] made payable" only to Stanton and Stanton's counsel. (Doc. 2, Exh. B). Stanton did not include the Secretary as a defendant in his original complaint. State Farm, however, served the Secretary with an interpleader claim. Thereafter, the Secretary filed a Notice of Removal (Doc. 2) in this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, alleging that removal is appropriate as the Secretary is "an officer of the United States of America and is being sued in an official capacity for actions taken under color of her federal office." (Doc. 2, pp. 2-3).

Stanton filed the motion (Doc. 8) at issue requesting this Court remand the cause to the Circuit Court of Madison County, Illinois, on the grounds that "this cause does not arise under federal law and does not involve a federal question . . . ." (Doc. 8, p. 1). In Stanton's supporting memorandum (Doc. 9), he further asserts remand is proper because the Secretary does not have standing to assert a claim to the settlement funds as the settlement at issue was pursuant to a wrongful death claim rather than a survival claim. In response to Stanton's motion to remand, the Secretary and State Farm assert that Stanton failed to address the removal provisions under 28 U.S.C. § 1442(a)(1).

Generally, a defendant may remove a suit from state to federal court only when the federal court would have had original jurisdiction. 28 U.S.C. § 1441 (2006); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430 (1999). However, 28 U.S.C. § 1442 provides an exception to

this general rule in that federal officers may remove a suit to federal court "despite the nonfederal cast of the complaint . . . ." *Id*. at 431. "[T]he right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Rather, "[f]ederal jurisdiction rests on a 'federal interest in the matter." *Id*. at 406 (quoting *Poss v. Lieberman*, 299 F.2d 358, 359 (2d Cir. 1962)).

Here, Stanton's argument that removal is improper because there is not a federal question at issue is irrelevant. The Secretary removed this case to federal court under 28 U.S.C. § 1442 on the basis of her position as a federal officer, not under 28 U.S.C. § 1441 on the ground that a federal question was at issue. Stanton further asserts that removal is improper as the Secretary does not have standing. However, the Secretary's standing is irrelevant to the removal analysis. Accordingly, federal jurisdiction arises under 28 U.S.C. § 1442 as there is a federal interest in this matter.

For the foregoing reasons, the Court **DENIES** Stanton's motion to remand (Doc.8).

**IT IS SO ORDERED.**
**Dated: June 28, 2011**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**