UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY STANTON,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>        Defendant/Counter-Plaintiff,<br><br>    v.<br><br>TIMOTHY STANTON and KATHLEEN<br>SEBELIUS, Secretary, Department of Health<br>and Human Services,<br><br>        Counter-Defendants. | No. 11-cv-282-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Kathleen Sebelius, Secretary of the

Department of Health and Human Services, to dismiss or, in the alternative, for summary

judgment (Doc. 12). The Secretary seeks resolution by dismissal or summary judgment of

plaintiff Timothy Stanton's claims against defendant State Farm Mutual Automobile Insurance

Company ("State Farm") as well as State Farm's derivative claims against her. State Farm has

responded to the motion (Doc. 17), and the Secretary has replied to that response (Doc. 19).

Stanton has not responded to the motion.

I.      **Background**

This case arises from a car accident that resulted in the death of Timothy Stanton's father,

Ronald Stanton. Ronald was a passenger in a car driven by Wanda Stanton, his wife, who was

insured by State Farm. Prior to Ronald's death, Medicare paid a substantial sum for Ronald's

care as a result of the accident. As representative of Ronald's estate and for the benefit of

Ronald's heirs, Timothy Stanton settled his claims against Wanda Stanton and State Farm,

including a claim under the Wrongful Death Act, 740 ILCS 180/0.01, *et seq.*, for the policy limits

of $100,000 for liability coverage and $5,000 for medical coverage. State Farm tendered or is

prepared to tender checks that includes as co-payee the Medicare Secondary Payer Recovery

Contractor ("MSPRC"), a private contractor that seeks to recover payments due to Medicare.

Stanton filed this case in the Circuit Court of Madison County, Illinois, asking the court to

"declare the legal rights and interests of parties and determine that [the MSPRC] need not be

included as payee on any settlement draft at issue," and "order [State Farm] to . . . re-issue drafts

in the amount of $100,000.00 and $5,000.00 made payable" only to Stanton and Stanton's

counsel. Essentially, Stanton asks the Court to declare that Medicare has no right to recovery

from his settlement with State Farm, although Stanton did not include the Secretary as a

defendant in his original complaint. State Farm, however, served the Secretary with an

interpleader claim. Thereafter, the Secretary removed the case to this Court pursuant to 28 U.S.C.

§ 1442(a)(1).

The Secretary now asks the Court to dismiss Stanton's claims – along with State Farm's

derivative claims – pursuant to Federal Rule of Civil Procedure 12(b)(6) because he did not

exhaust his administrative remedies before filing suit. Alternatively, the Secretary asks for

summary judgment for the same reasons. Because the Secretary relies on material outside the

pleadings, namely, an affidavit from Paul Jackson, a health insurance specialist in the Centers for

Medicare and Medicaid Services, the Court will consider the motion a motion for summary

judgment. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate where "the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

## II.    Analysis

This dispute stems from Medicare's practice of making prompt conditional payments to medical care providers where an automobile insurer is ultimately responsible for those payments, and then seeking reimbursement for the conditional payments. *See* 42 U.S.C. § 1395y(b)(2)(B)(i)-(ii). This procedure was legislated in 1980 in the Medicare Secondary Payer statute with the purpose of reducing costs to the Medicare program, which had formerly paid for medical services as the primary payer regardless of whether any other insurance plan was liable for the costs. *See Fanning v. United States*, 346 F.3d 386, 388-89 (3d Cir. 2003). In this case, Medicare paid for Ronald's care, and MSPRC now seeks reimbursement from the money State Farm has agreed to pay in settlement of Stanton's wrongful death claim. State Farm is hesitant to pay all of the money to Stanton for fear the Secretary will not be able to recover Medicare's fair share from the amount given to Stanton and will pursue it for reimbursement of double the amount due, as it is allowed to do under 42 U.S.C. § 1395y(b)(2)(B)(iii).

As for what amount is due, the Secretary is responsible for making an initial determination of the amount deemed to be conditional payment. *See* 42 U.S.C. § 1395ff(a). A Medicare beneficiary dissatisfied with that determination may go through an administrative appeals process,

including a hearing before the Secretary, and, after a final decision by the Secretary, may file a civil action for judicial review in federal court. *See* 42 U.S.C. §§ 1395ff(b)(1) & 1395ii (incorporating the administrative and judicial review processes of 42 U.S.C. § 405 for social security benefit determinations). A beneficiary may not file a lawsuit before the Secretary has issued a final decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . ."). In fact, federal courts do not have subject matter jurisdiction over claims that have not gone through the administrative review process set forth in 42 U.S.C. § 405. *Fanning*, 346 F.3d at 399; *Braucher v. Swagat Group, LLC*, No. 07-CV-3253, 2011 WL 832512, at *1 (C.D. Ill. Mar. 3, 2011); *see* 42 U.S.C. § 405(h) ("No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").

In this case, Stanton has not completed the administrative review process set forth in 42 U.S.C. § 405 and required by 42 U.S.C. §§ 1395ff(b)(1) & 1395ii for a party seeking a determination of the amount of conditional payments Medicare is entitled to recover. There is no genuine dispute that Stanton has not received a final decision from the Secretary as to the amount she believes Medicare is entitled to recover. In fact, Jackson's uncontested affidavit indicates the Secretary has not even issued a final demand letter from which Stanton could initiate the administrative appeals process. Therefore, the Court does not have subject matter jurisdiction to hear Stanton's claim, and it must be dismissed without prejudice. Dismissal of Stanton's claim renders State Farm's derivative third-party claim moot, so it too should be dismissed without

prejudice.

**III.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the Secretary's motion for summary

judgment (Doc. 12), **DISMISSES** Stanton's claims in the complaint **without prejudice for lack**

**of jurisdiction**, **DISMISSES** State Farm's counterclaims for interpleader **without prejudice,**

and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**Dated:  August 22, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**